IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH SCOTT, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 17-5865 (JBS-JS) |
| DR. STEPHANY MCGANN, et al., | |
| Defendants. | **OPINION** |

APPEARANCES:

Joseph Scott, Plaintiff Pro Se
#04194-015
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE, District Judge:**

## I.    INTRODUCTION

Before the Court is Plaintiff Joseph Scott's ("Plaintiff"), submission of a civil rights complaint, Docket Entry 1. At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915 to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part.

## II. BACKGROUND

Plaintiff brings this civil rights action against Dr. Stephany McGann, Nurse Denise Rodriguez, Candice Johnson, and the Utilization Review Committee of FCI Fairton. He also seeks to bring a Federal Tort Claims Act ("FTCA") claim against the United States. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff is a convicted and sentenced federal prisoner currently confined at FCI Fairton, New Jersey. Plaintiff states that he was taken to an emergency room for surgery on his rotator cuff and bicep on August 17, 2016. Complaint ¶ 10. He was told he would need physical therapy after the surgery. *Id.* He began physical therapy in a clinic outside of the prison on November 28, 2016 and was told to begin "home therapy." *Id.* ¶ 11. Plaintiff went back to the physical therapy clinic on December 22, 2016. *Id.* ¶ 12. The therapist told Plaintiff he had "Anterior Deltoid Atrophy (Muscle Atrophy) with limitations with passive internal movements." *Id.* Plaintiff received therapeutic exercises and was told to follow-up in one week. *Id.*

In March 2017, Plaintiff requested physical therapy from Nurse Rodriguez. *Id.* ¶ 13. She responded on March 6, 2017 that his request had been denied. *Id.* ¶ 14. Neither Nurse Rodriguez

nor Dr. McGann conducted an examination of Plaintiff's shoulder before denying his request for physical therapy. *Id.* ¶ 15. Plaintiff filed a grievance, but he did not receive any relief. *Id.* ¶ 17. He did not receive any further post-surgical care, just blood pressure checks. *Id.*

Plaintiff continued to have "extreme" pain and loss of motion in his shoulder. *Id.* ¶ 18. Nurse Rodriguez told Plaintiff the Utilization Review Committee ("URC") would likely deny his requests for physical therapy due to cost. *Id.* ¶ 20. The URC denied the physical therapy request on March 24, 2017. *Id.* ¶ 21. Plaintiff met with Dr. McGann, the final decisionmaker on the URC, on April 11, 2017. *Id.* ¶¶ 22-23. Dr. McGann told Plaintiff "he will not be receiving any physical therapy or referred to an orthopedic specialist due to the expensive cost." *Id.* ¶ 23. Plaintiff met with Dr. McGann again on July 10, 2017, at which time she told him to get over-the-counter pain medication from the prison store. *Id.* ¶ 24.

Plaintiff asks the Court to order defendants to arrange for his prescribed physical therapy as well as compensatory and punitive damages.

## III. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996)

("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding *in forma pauperis*.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must

---

[1] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed

4

allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court created a limited federal counterpart to the remedy created in 42 U.S.C. § 1983. In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal

---

in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006). *But see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017) (holding that federal courts should exercise caution before extending the *Bivens* remedy to claims that are meaningfully different than "the three *Bivens* claims the Court has approved in the past: a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma.").

## IV. ANALYSIS

Plaintiff alleges defendants were deliberately indifferent to his medical needs and were negligent.

### A. *Bivens* Claims

Plaintiff's constitutional claims against the United States and the federal employees in their official capacities are barred by sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). Similarly, federal officials sued in their official capacities are immune from suit. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (a suit against a federal officer in his official capacity is actually a suit against the United States). Other courts in this circuit have concluded that "the Medical Staff Utilization Review Committee, in its capacity as a

governmental entity, is not a proper defendant in an action brought pursuant to *Bivens*." *Burnside v. M. Warnick*, No. 4:05-1845, 2005 WL 3071690, at *3 (M.D. Pa. Nov. 16, 2005) (citing cases). The Court agrees. Plaintiff's *Bivens* claims against the United States, the Utilization Review Committee, and the individual defendants in their official capacities are dismissed with prejudice.

Plaintiff alleges defendants individually violated the Eighth Amendment's proscription against cruel and unusual punishment by failing to provide him with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106. The Court presumes for screening purposes only that Plaintiff has alleged a serious medical need, namely, the need for physical therapy post-surgery for atrophied muscles in the area of his rotator cuff and biceps and the severe pain associated with his condition.

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently alleged an Eighth Amendment claim for denial of medical care, which is not a new *Bivens* context under *Ziglar*. *See Carlson v.*

*Green*, 446 U.S. 14 (1980). "The hallmark of an Eighth Amendment violation arises when such medical treatment, or the withholding of medical treatment, is accompanied by knowing indifference to the pain or risk of serious injury this will cause, such as by 'persistent conduct in the face of resultant pain and risk of permanent injury.'" *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000) (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)). Plaintiff alleges Nurse Rodriguez and Dr. McGann denied him necessary medical care, physical therapy, for non-medical reasons, namely the cost of treatment. This is sufficient to allege a claim under the Eighth Amendment. *See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (finding deliberate indifference "where necessary medical treatment is delayed for non-medical reasons").

Plaintiff has not sufficiently pled a cause of action against Candice Johnson. Plaintiff states she is the Assistant Warden of Medical, Parties ¶ 4(c), but other than that there are no factual allegations against her. "*Bivens* is not designed to hold officers responsible for acts of their subordinates." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017). The claims against Johnson are dismissed without prejudice, and Plaintiff may move to amend his complaint if he can allege enough facts against her to state a claim for her deliberate indifference.

**B. Federal Tort Claims Act**

Plaintiff also seeks to bring a negligence claim under the FTCA. The FTCA "operates as a limited waiver of the United States's sovereign immunity." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). Under the Act, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. "The Government is the only proper defendant in a case brought under the FTCA." *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). The Court will therefore dismiss all negligence claims against all defendants other than the United States.

A plaintiff suing under the Act must present the offending agency, in this case the BOP, with notice of the claim, including a "sum certain" demand for monetary damages. *White–Squire*, 592 F.3d at 457. "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." *Id.* (citing *United States v. Sherwood*, 312 U.S. 584, 587 (1941)). These requirements cannot be waived. *Id.* (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)). Plaintiff states he exhausted all his administrative remedies before filing his complaint. The Court therefore presumes for screening purposes only that the jurisdictional requirement of the FTCA has been satisfied.

Giving Plaintiff the benefit of all reasonable inferences of the facts alleged in the complaint, he has sufficiently alleged defendants negligently deviated from the prevailing professional standard of medical care, thus stating a claim against the United States under the Federal Tort Claims Act arising from the negligence of BOP personnel acting in the scope of their employment, 28 U.S.C. § 1346(b), §§ 2670 et seq. The Court will permit this claim to proceed against the United States.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Eighth Amendment claims will proceed against Dr. McGann and Nurse Rodriguez, and the Eighth Amendment claim against Candice Johnson will be dismissed without prejudice. The FTCA claim will proceed against the United States, and all negligence claims are dismissed against the individual defendants. An appropriate order follows.


**July 23, 2018**                           **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            U.S. District Judge